**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT JACKSON, | ) | |
| | ) | No. 14 CV 08625 |
| Plaintiff | ) | |
| | ) | Judge Harry D. Leinenweber |
| Vs. | ) | |
| | ) | |
| BLITT AND GAINES P.C., | ) | |
| | ) | |
| Defendant | ) | |

**<u>DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6)</u>**

Defendant, Blitt & Gaines, P.C., by and through counsel, Michael L. Starzec,

respectfully submits its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, and in support thereof, states as follows:

**<u>Statement of Facts</u>**

On May 27, 2011, Blitt & Gaines, P.C.,("Blitt") filed a complaint against Robert Jackson

("Jackson") on behalf of Credit Acceptance Corporation to collect monies due and owing

pursuant to a contract in the Circuit Court of Cook County, Illinois, First Municipal District,

Case no. 11 M1 136460 (the "Collection Case"). (Dkt. 1#,  ¶ 10).

On November 8, 2013, Blitt filed a wage garnishment against Jackson's employer.

(Dkt. 1#,  ¶ 25).

On October 31, 2014, Jackson filed the present lawsuit against Blitt for an alleged

violation of the venue provision of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692i(a)(2), ("FDCPA"), based solely on the filing of a wage garnishment on November 8, 2013.

**Standard of Review**

A motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In assessing a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in a light most favorable to the Plaintiff and must accept as true all well-pleaded allegations, drawing all inferences in Plaintiff's favor. Golden v. Helen Sigman & Associates, LTD, 611 F.3d 356, 360 (7th Cir. 2010). However, dismissal is proper if the complaint does not set forth "enough facts to state a claim for relief that is plausible on its face." St. John's United Church of Christ et al v. City of Chicago et al, 502 F.3d 616, 625 (7th Cir. 2007)(quoting Bell Atlantic Corp., et al. v. Twombly, et al., 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)).

**Argument**

> **Blitt's 12(b)(6) Motion to Dismiss should be granted because a wage garnishment does not constitute a "legal action against" a "consumer" for purposes of 15 USC 1692i(a)(2).**

The issue before this Court is the construction of the venue provision of the FDCPA. Said provision states, in relevant part, "[a]ny debt collector who brings any legal action on a debt against any consumer shall. . .  bring such action only in the judicial district or similar legal entity. . .  in which such consumer resides at the commencement of the action." 15 U.S.C.A. § 1692i. Specifically, at issue is whether an Illinois State wage garnishment is encompassed within the meaning of the phrase "any legal action on a debt against any consumer." Blitt contends that a wage garnishment is not a "legal action on a debt against any consumer," but rather, a "legal action on a debt" against a third-party employer, and therefore, the venue provision of the FDCPA does not apply. Blitt acknowledges that there is conflicting authority on this issue. *See* Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1515 (9th Cir. 1994); Blakemore v. Pekay, 895

F. Supp. 972 (N.D. Ill. 1995). However, Blitt's approach is better reasoned, consistent with the majority *Circuit* view, the recent decision of its sister district court in McDermott v. Barton, No. 14-CV-704-NJR-PMF, 2014 WL 6704544, at 7 (S.D. Ill. Nov. 26, 2014), the overwhelming trend of recent case law and the FTC's commentary to the FDCPA. [1] Accordingly, Blitt's approach should be adopted by this Court and its 12(b)(6) Motion to Dismiss should be granted.

A.      **Fox and Blakemore Are Not On Point**

In 1994, as a matter of first impression, the Ninth Circuit Court of Appeals erroneously held that a wage garnishment was a "legal action on a debt" subject to the venue restrictions imposed by the FDCPA. Rather than requesting the court to address the specific nature of the proceeding at issue, the defendant was arguing for the adoption of a blanket "enforcement-action exception" to the venue provision. Id at 1515. In rejecting such a sweeping exemption, the court noted that the term "debt" applies "whether or not such obligation has been reduced to judgment," and concluded that the phrase "legal action on a debt" encompassed post-judgment enforcement actions. Id. [2] Importantly, the defendant did not argue, nor did the court consider the "against any consumer" language.

In Blakemore, as the second case to address the issue, the district court's only guidance was the Ninth Circuit's opinion in Fox. At issue in Blakemore was whether the statue of limitations runs from the date the legal action was *filed* or the date the legal action was *served*. Similarly to Fox, there was no briefing, argument or consideration given to the "against any consumer" language, rather, the wage garnishment was presumed to be a "legal action on a debt"

---

[1]      "[i]f a judgment is obtained in a forum that satisfies the requirements of [the venue provision], it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." FEDERAL TRADE COMMISSION, Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (1988).

[2]      Blitt agrees that a wage garnishment is a "legal action on a debt," however, this does not end the inquiry because said action is not "against any consumer." Because a blanket "enforcement-action exception" would apply to a post-judgment enforcement action filed against a consumer (such as a citation to discover assets), the proposed blanket exception was appropriately rejected in Fox and therefore, the opinion is not particularly relevant.

based on the only case to address the issue in the context of this broader discussion. The court

cited Fox, as well other non-garnishment cases to illustrate the split in authority and concluded

that the issue need not be resolved as the claim was within statute as measured by either the

filing date or the date of service. Id. Hence, Blakemore is distinguishable as it was not addressing

the question before this Court. In any event,  since Blakemore, every Circuit Court to address the

issue has distinguished Fox on grounds that it was not asked to consider the "against any

consumer" language and held that a garnishment proceeding is not subject to the FDCPA venue

provision. Pickens v. Collection Servs., 273 F.3d 1121 (11th Cir. 2001); Smith v. Solomon &

Solomon, P.C., 714 F.3d 73 (1st Cir.2013).

Moreover, the clear trend in recent case law demonstrates that courts are rejecting the

Fox/Blakemore approach. For example, in In re Lord, 270 B.R. 787, 792 (Bankr. M.D. Ga. 1998)

the court adopted the Fox analysis in finding that a Georgia wage garnishment is a "legal action

on a debt" subject to the FDCPA venue provision. However, In re Lord is no longer good law. In

Pickens v. Collection Servs. of Athens, Inc., 165 F. Supp. 2d 1376 (M.D. Ga.) aff'd sub nom.

Pickens v. Collection Servs., 273 F.3d 1121 (11th Cir. 2001), the court held that a Georgia wage

garnishment is not subject to the FDCPA venue provision, because it is not an action against a

"consumer" even if the "judgment debtor may become a party to the proceeding by filing a

traverse to the plaintiff's affidavit." Id at 1380.

While the court acknowledged Fox stood for the proposition that there is no general

"enforcement exception," to the venue provision, it distinguished Fox on grounds that it did not

address the "against a consumer" language "and did not consider any arguments regarding the

nature of a garnishment action or the actual garnishment process in Arizona. As such, the Court

"d[id] not find the reasoning of Fox persuasive in this case." Id at 1381.

4

Nor was the court convinced that its holding could "circumvent the purpose of the FDCPA as the debtor is ultimately affected by these actions," noting "that in enforcement actions such as the one at issue in this case, the debtor has already had the chance to defend the debt action in the original proceeding in which the judgment was obtained." Id at 1380-81. Furthermore, the court expressed "concern[] that requiring the action to be filed in the judgment debtor's county of residence, as in the case here, may not afford courts jurisdiction over garnishees." Id. Hence, not only is In re Lord not good law, it also serves to illustrate the current trend supports Blitt's position that the Fox analysis should not be applied.

In a similar vein, in Smith v. Kramer & Frank, P.C., No. 4:09CV802 FRB, 2009 WL 4725285 (E.D. Mo. Dec. 2, 2009), the court adopted the Fox approach and found that a Missouri wage garnishment is subject to the venue provision of the FDCPA. However, three years later, in Hageman v. Barton, No. 4:13-CV-2522 CEJ, 2014 WL 5320265 (E.D. Mo. Oct. 17, 2014), the same court rejected the Fox approach. In Hageman, a judgment was registered in Madison County, Illinois and the collector initiated wage garnishment proceedings against the consumers' Illinois employer. The court held that an Illinois wage garnishment is an action against the employer, not the consumer; therefore it is not subject to the venue provision. Id. The court acknowledged that a wage garnishment is a "legal action on a debt," but distinguished Fox for not addressing the "against any consumer" language. Id.

Echoing the two concerns raised in Pickens, the court reasoned that the Illinois wage garnishment "does not implicate the FDCPA's venue concerns, because the plaintiff had the opportunity to contest the debt in St. Louis County when the original action was filed and he was not denied his day in court. . . . [Further,] accepting plaintiff's argument would forestall execution and garnishment of a lawfully-entered judgment against any consumer who happens to

5

live and work in different judicial districts." Id at 5. The only reason Hageman is not an outright

reversal of Smith is because Smith was addressing the Missouri garnishment procedure. Thus,

not only is Smith not good law, it also serves to illustrate the current trend on this issue in

support of Blitt's position.

Adkins v. Weltman, Weinberg & Reis Co., L.P.A., No. 2:11-CV-00619, 2012 WL

604249 (S.D. Ohio Feb. 24, 2012), is the only court to consider the "against any consumer"

language and find that a wage garnishment is subject to the FDCPA venue provision. However,

Adkins has since been either expressly rejected or distinguished by two district courts and one

circuit court. [3] Furthermore, the Adkins court did not reject the Eleventh Circuit's holding in

Pickens, rather, it distinguished it on grounds that the wage garnishment in Pickens was

expressly defined by statute as an action between the judgment creditor and the employer.

Whereas, engaging in similar statutory analysis, the Adkins court found that under Ohio law, a

wage garnishment is an action between the judgment creditor and the consumer.  Therefore, the

court concluded that the Ohio wage garnishment was subject to the FDCPA venue provision. Id

at 5. Thus, to the extent that Adkins stands for any proposition, it is that the court should

consider state law to determine whether the action is "against any consumer."  Consequently,

Adkins actually supports Blitt's position that the Fox analysis is obsolete. [4]

---

[3]      See Smith v. Solomon & Solomon, P.C., 887 F. Supp. 2d 334, 338 (D. Mass. 2012); Smith v. Solomon & Solomon, P.C., 714 F.3d 73 (1st Cir. 2013); Schuback v. Law Offices of Phillip S. Van Embden, P.C., No. 1:12-CV-320, 2013 WL 432641 (M.D. Pa. Feb. 1, 2013).

[4]      The Adkins court reasoned the action was against the consumer because the due process clause requires the judgment creditor to give notice to the consumer of the garnishment. Id. Nevertheless, two courts have since found this due process argument to be a "judicial stretch." Smith v. Solomon & Solomon, P.C., 714 F.3d 73 (1st Cir.2013)("While the judgment debtor certainly has an interest in the hearing, construing this procedural step as an action 'against the consumer' would require judicial stretch. The judgment debtor has already had her day in court."); Schuback v. Law Offices of Phillip S. Van Embden, P.C., No. 1:12-CV-320, 2013 WL 432641 (M.D. Pa. Feb. 1, 2013). Moreover, a person does not become a party to a lawsuit just because he is entitled to notice. Notably, the Illinois garnishment statute has withstood constitutional challenge despite not providing for pre-seizure notice. Roy v. Smith, 735 F. Supp. 313, 316 (C.D. Ill. 1990)("Providing pre-seizure notice would not significantly decrease the possibility of an erroneous deprivation, but it certainly would make it more difficult for creditors to collect debts they have reduced to judgment. The creditor has a substantial interest in having the debt satisfied swiftly and surely.

Subsequent to <u>Adkins</u>, in <u>Schuback v. Law Offices of Phillip S. Van Embden, P.C.</u>, No. 1:12-CV-320, 2013 WL 432641 (M.D. Pa. Feb. 1, 2013), the consumer sued a collector for filing a bank garnishment in a county where the consumer did not reside. The court analyzed New Jersey Law and found that a writ of execution is an action between the judgment creditor and the bank and not against the consumer, therefore, it was not subject to the FDPA venue provision. <u>Id</u> at 5. The court distinguished <u>Adkins</u> on grounds that the New Jersey execution process does not characterize a garnishment as an action against the judgment debtor. <u>Id</u>.

Of particular relevance is the <u>Schuback</u> court's discussion of the policy implications if a garnishment was subject to the venue requirements:

> a writ of execution to enforce a previous judgment could only be served upon a bank where plaintiff resides or the underlying debt accrued. The judgment debtor could easily avoid a bank levy by conducting his banking in a county other than where he resides or where the underlying debt accrued. The FDCPA should be construed broadly to effectuate its purposes of not only eliminating abusive debt collection practices but also "insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." <u>Brown v. Card Serv. Ctr.</u>, 464 F.3d 450, 453 (3d Cir.2006) (quoting 15 U.S.C. § 1692(e)). Under the present circumstances, Schuback's interpretation would advance neither of these purposes. <u>Id</u> at 6.

The court was "mindful of Schuback's claim that he is affected by the writ of execution and that he has an underlying interest in the proceeding," however, the court found that any "due process concerns are alleviated because Schuback has already had his day in court." <u>Id</u> at 5. Thus, the court found it to be a "judicial stretch" to conclude that a bank garnishment is an action against the consumer and not the garnishee. <u>Id</u>.

In <u>Smith v. Solomon & Solomon, P.C.</u>, 714 F.3d 73 (1st Cir. 2013), the First Circuit court of appeals found that a post-judgment enforcement action via the Massachusetts trustee process is not an action against the consumer and therefore is not subject to the FDCPA venue

---

This interest would be compromised by providing pre-seizure notice, as recalcitrant debtors would have an opportunity to hide their assets or avoid wage garnishment.").

provision. The court distinguished both <u>Fox</u> and <u>Adkins</u> because <u>Fox</u> had not addressed the

"against any consumer" language and <u>Adkins</u> analyzed an entirely different state law

garnishment process. <u>Id</u> at 76, 77.

> As to the policy ramifications, the court reasoned

> The Congressional concern underlying the FDCPA venue provision was that a debt collector would file in an inconvenient forum, obtain a default judgment, and thereby deny the consumer an opportunity to defend herself. *See* S.Rep. No. 95–382, at 5 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699. That concern is not present in the case of a post-judgment enforcement proceeding under Massachusetts trustee process law. The original suit to collect on the debt occurred in a forum that was convenient for Smith, and she had an opportunity to defend against it. She was not, in the words of Congress, "denied [her] day in court." <u>Id</u> at 76.

Moreover, the court was concerned "it would be impossible for a debt collector to enforce a prior

judgment through trustee process in Massachusetts unless the judgment debtor happened to

reside or to have signed the underlying contract in the same county in which the trustee had a

usual place of business. We do not read the FDCPA as mandating such a strange result." <u>Id</u> at

76-77 (internal citation omitted).

Two months ago, the Federal District Court for the Southern District of Illinois adopted

"the more recent and expansive analysis used by the First and Eleventh Circuits," in which the

court considers the entire phrase, "[a]ny legal action on a debt *against any consumer*," to

determine whether a garnishment proceeding is an action against the "consumer" or a third-party

garnishee defendant. <u>McDermott v. Barton</u>, No. 14-CV-704-NJR-PMF, 2014 WL 6704544, at 7

(S.D. Ill. Nov. 26, 2014). In <u>McDermott</u>, an Illinois wage garnishment was purportedly filed in a

county where the consumer did not reside. [5] In <u>McDermott</u>, the court determined that under

---

[5]     The <u>McDermott</u> opinion did not cite <u>Blakemore</u>, however, in his response to Barton's motion to dismiss, McDermott's attorney cited to both <u>Fox</u> and <u>Blakemore</u> to support their contention a wage garnishment is a legal action. <u>Response to Motion</u> at 13 – 15, <u>McDermott v. Barton</u>, 2014 WL 6704544 (S.D. Ill. 2014)(14-CV-704-NJR-PMF)(Dkt. # 21). With that context, the court's statement that it was applying "the more recent and expansive analysis used by the First and Eleventh Circuits," was a fully informed and explicit rejection of both cases.

Illinois law a garnishment proceeding is viewed as an action against the garnishee and is therefore not subject to the FDCPA venue provision. Id at 7.

In short, the only cases to have adopted the Fox/Blakemore approach since 1995 to find that a garnishment is subject to the FDCPA venue provision are no longer good law. Furthermore, since Blakemore, two Circuit courts have distinguished Fox as not on point [6] and two district courts have specifically analyzed the Illinois garnishment procedures and found that an Illinois garnishment is not an action "against any consumer" subject to the venue provision of the FDCPA. [7] Accordingly, the Fox/Blakemore approach is not on point, an Illinois wage garnishment is not an action against a "consumer," and therefore, Blitt's 12(b)(6) Motion should be granted.

## Conclusion

As was explained in Hageman and McDermott, an Illinois garnishment is not an action "against any consumer." See 735 ILCS § 5/12-805("the clerk of the court in which the judgment was entered shall issue summons against the person named in the affidavit as employer commanding the employer to appear in the court and answer the interrogatories in writing under oath."); See also Peter Fischer Imp. Motors, Inc. v. Buckley, 121 Ill. App. 3d 906, 910, 460 N.E.2d 346, 350 (1st Dist. 1984)("the usual garnishment action. . . is a post-judgment procedure instituted directly against a third party in whose hands the judgment debtor's property may be found."); In re FBN Food Services, Inc., 158 B.R. 756, 760 (Bankr. N.D. Ill. 1993); In re Johnson, 53 B.R. 919, 922 (Bankr. N.D. Ill. 1985). Accordingly, an Illinois wage garnishment is

---

[6]     Pickens v. Collection Servs., 273 F.3d 1121 (11th Cir. 2001); Smith v. Solomon & Solomon, P.C., 714 F.3d 73 (1st Cir. 2013).

[7]     Hageman v. Barton, No. 4:13-CV-2522 CEJ, 2014 WL 5320265 (E.D. Mo. Oct. 17, 2014); McDermott v. Barton, No. 14-CV-704-NJR-PMF, 2014 WL 6704544 (S.D. Ill. Nov. 26, 2014).

not subject the FDCPA venue provision and therefore, Blitt's Rule 12(b)(6) Motion to Dismiss should be granted.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court dismiss this lawsuit, and for any further relief this Honorable Court deems equitable and just.

Respectfully submitted,

By: s/<u>Michael L. Starzec</u>
Michael L. Starzec

Blitt and Gaines, P.C.
661 Glenn Avenue
Wheeling, IL 60090
(847)403-4900
(312)920-0625
MikeStarzec@BlittandGaines.com

10