```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   ROBERT JACKSON,                   )
                                       )
 4             Plaintiff,              )
                                       )
 5        v.                           )  No. 14 CV 08625
                                       )
 6   BLITT & GAINES, P.C., et al.,     )  Chicago, Illinois
                                       )  February 18, 2015
 7             Defendants.             )  9:17 a.m.

 8                     TRANSCRIPT OF PROCEEDINGS

 9            BEFORE THE HONORABLE HARRY D. LEINENWEBER

10   APPEARANCES:

11   For the Plaintiff:        LAW OFFICES OF MAJDI Y. HIJAZIN,
                               LTD.
12                             BY:  MR. MAJDI Y. HIJAZIN
                               Suite 150
13                             900 Jorie Boulevard
                               Oak Brook, Illinois 60523
14                             (630) 575-8181
                               hijazlaw@yahoo.com
15
     For the Defendants:       BLITT AND GAINES, P.C.
16                             BY:  MR. MICHAEL L. STARZEC
                               661 Glenn Avenue
17                             Wheeling, Illinois 60090
                               (847) 403-4900
18                             mike@blittandgaines.com

19   Court Reporter:           Judith A. Walsh, CSR, RDR, CRR
                               Official Court Reporter
20                             219 S. Dearborn Street, Room 1944
                               Chicago, Illinois 60604
21                             (312) 702-8865
                               judith_walsh@ilnd.uscourts.gov
22

23

24

25
```

```
 1      (Proceedings heard in open court:)
 2            THE CLERK:  14 C 8625, Jackson versus Blitt & Gaines.
 3            MR. STARZEC:  Good morning, your Honor.  Mark Starzec
 4   on behalf of Blitt & Gaines.
 5            MR. HIJAZIN:  Good morning, your Honor.  Majdi
 6   Hijazin on behalf of Mr. Jackson.
 7            THE COURT:  All right.  The defendant, a debt
 8   collector under the terms of the Fair Debt Collection
 9   Practices Act, filed a suit against plaintiff on behalf of a
10   client to collect a debt in the Circuit Court of Cook County,
11   First Municipal District, and obtained a monetary judgment.
12            In an attempt to collect on the judgment, defendant
13   filed a wage garnishment against Jackson's employer in a
14   judicial district in which apparently plaintiff does not live.
15   The garnishment was filed in the First Municipal District, and
16   plaintiff lives in the Sixth Municipal District.
17            As a result of the foregoing, plaintiff has sued
18   defendant for an alleged violation of the venue provision of
19   the FDCPA.  Defendant has filed a motion to dismiss.
20            The issue in this motion is the construction of
21   Section 1692(j) of the FDCPA which states in relevant part,
22   "any debt collector who brings any legal action on a debt
23   against any consumer shall bring such action only in judicial
24   district or similar legal entity in which such consumer
25   resides at the commencement of the action."
```

1            Defendant contends that a garnishment is not a legal
2    action on a debt against a consumer but instead is a legal
3    action against a third party employer so that the venue
4    provision does not apply.
5            This is -- there is conflicting authority on the
6    issue across the United States but no decision from the
7    Seventh Circuit.  Arguably, the Ninth Circuit has ruled that
8    filing a garnishment action can violate the venue provision.
9    See Fox versus Citicorp Credit, 15 F. 3rd 1507, while the
10   First and Eleventh districts have reached opposite
11   conclusions.  See Smith versus Solomon & Solomon, 714 F. 3rd
12   73 and Pickens versus Collection Services, 273 F. 3rd 1121.
13           In addition, the commentary of the FDCPA supports the
14   conclusion that the venue provision does not control in a
15   post-judgment enforcement proceeding.  See 53 Fed. Reg. 50097,
16   50109.
17           The reasoning is that the venue provision is
18   necessary to protect the debtor from abusive practices in
19   obtaining judgments.  After the creditor has obtained a
20   judgment according to law, the debtor has had an opportunity
21   to defend on his home turf.
22           The conclusion is also supported under Illinois law
23   which views garnishment as an action against the garnishee,
24   not the debtor.  See Finch versus Alexander County National
25   Bank, 65 Illinois Appellate 337.

| | |
|---|---|
| 1 | Many of the courts that have decided cases against |
| 2 | the debtor on the venue issue have pointed out that a contrary |
| 3 | holding would prevent collection efforts against the |
| 4 | employers, banks, or other entities holding assets of the |
| 5 | debtor who are not amenable to service of summons in the |
| 6 | debtor's judicial district.  Accordingly, the Court grants the |
| 7 | motion to dismiss. |
| 8 |     MR. STARZEC:  Thank you, your Honor. |
| 9 |     MR. HIJAZIN:  Thank you. |
| 10 | (Proceedings adjourned at 9:21 p.m.) |
| 11 |     * * * * * * |
| 12 | C E R T I F I C A T E |
| 13 | I, Judith A. Walsh, do hereby certify that the |
| 14 | foregoing is a complete, true, and accurate transcript of the |
| 15 | proceedings had in the above-entitled case before the |
| 16 | Honorable HARRY D. LEINENWEBER, one of the judges of said |
| 17 | Court, at Chicago, Illinois, on February 18, 2015. |
| 18 | |
| 19 | /s/ *Judith A. Walsh, CSR, RDR, CRR*    February 23, 2015 |
| 20 | Official Court Reporter |
| 21 | United States District Court |
| 22 | Northern District of Illinois |
| 23 | Eastern Division |
| 24 | |
| 25 | |